1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ALEJANDRO PRADO,                              CV F   05-1316 AWI SMS HC

10                      Petitioner,        ORDER DIRECTING PETITIONER TO SHOW
                                           CAUSE WHY STAY SHOULD BE GRANTED
11         v.
                                           [Doc. 1]
12
    JEANNE WOODFORD,
13
                       Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on October 19, 2005.

19   Petitioner raises the following three claims for relief: (1) ineffective assistance of trial counsel;

20   (2) due process violation by the prosecution's intimidation of a defense witness resulting in her

    unavailability; and (3) use of false evidence.
21
            Petitioner indicates that he filed a state petition for writ of habeas corpus on October 19,
22
    2005, in the Tulare County Superior Court raising the instant claims, and the petition is still
23
    pending at that court.  Petitioner requests that the Court stay the instant petition pending
24
    exhaustion of these claims at the state court level.[1]
25

26  _____

27          [1] A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for
    writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is
28  based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged
    constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v.
    Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

1    In Rhines v. Weber, 2005 WL 711587 (2005), the Supreme Court held that a district court

2  has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to

3  the state court in the first instance and then to return to federal court for review of his perfected

4  petition.

5    Nevertheless, stay and abeyance is available only in limited circumstances, because the

6  procedure frustrates AEDPA's[2] objective of encouraging finality by allowing a petitioner to delay

7  the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal

8  habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court

9  prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only

10 appropriate when the district court determines there was good cause for the petitioner's failure to

11 exhaust his claims first in state court." Id.

12   Petitioner has not demonstrated "good cause" as to why the unexhausted claims were not

13 raised in the state court prior to filing the instant petition.

14   Accordingly, it is HEREBY ORDERED that:

15 1.    Within **thirty** days from the date of service of this order, Petitioner shall show

16       cause for his failure to raise the unexhausted claims in the state court; and

17 2.    The failure to comply with this order will result in a recommendation that the

18       instant petition be dismissed for failure to exhaust the state court remedies.

19

20 IT IS SO ORDERED.

21 **Dated:   December 15, 2005**          **/s/ Sandra M. Snyder**
   icido3                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair
27 opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92
   S.Ct. 509, 512 (1971).

28   [2]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.