UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>         Petitioner,<br><br>   v.<br><br>JEANNE WOODFORD,<br><br>         Respondent.           / | CV F   05-1316 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR STAY BE DENIED, AND RECOMMENDING THAT ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST STATE COURT REMEDIES<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 19, 2005. Petitioner raises the following three claims for relief: (1) ineffective assistance of trial counsel; (2) due process violation by the prosecution's intimidation of a defense witness resulting in her unavailability; and (3) use of false evidence.

Petitioner indicates that on October 19, 2005, he filed a petition for writ of habeas corpus in the Tulare County Superior Court. Petitioner requests that this Court stay the instant petition and hold it in abeyance while he exhausts the state court remedies. On December 19, 2005, the Court issued an order to show cause why the stay should be granted.

On January 19, 2006 and January 27, 2006, Petitioner filed a response.[1]

---

[1] The January 19, 2006, response is not signed by Petitioner, and is accompanied by a declaration by Petitioner's state habeas corpus attorney. The January 27, 2006, response, although signed by Petitioner, is not accompanied with the declaration signed by Petitioner's state habeas corpus attorney. The Court in formulating this

1

1    A petitioner who is in state custody and wishes to collaterally challenge his conviction by
2 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
3 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
4 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
5 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
6 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state court
8 with a full and fair opportunity to consider each claim before presenting it to the federal court.
9 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
10 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
11 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
12 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v.
13 Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

14    In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that a
15 district court has discretion to stay a mixed petition to allow a petitioner to present his
16 unexhausted claims to the state court in the first instance and then to return to federal court for
17 review of his perfected petition.

18    Nevertheless, stay and abeyance is available only in limited circumstances, because the
19 procedure frustrates AEDPA's[2] objective of encouraging finality by allowing a petitioner to delay
20 the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal
21 habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court
22 prior to filing his federal petition. Id. at 1535. The Supreme Court held that a stay and abeyance
23 is "only appropriate when the district court determines there was good cause for the petitioner's
24 failure to exhaust his claims first in state court." Id.

25    In his response, Petitioner indicates that "good cause" exists for the stay and abeyance of

---

27 order will consider both the filings presented by Petitioner.

28    [2]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

the instant petition because he filed a state habeas corpus petition in the Tulare County Superior Court on the same day he filed the instant petition.  Petitioner indicates that he

> had an ongoing investigation in several areas of case investigation, including obtaining a declaration from his co-defendant attesting that petitioner was not present and was not involved in the crime in question, drive-by shooting on Highway 65 in Porterville, California.  In this declaration, petitioner's co-defendant, Marcos Chavez, declared that the person involved was a young man named "Danny" who was mistaken for the petition.  Petitioner's state habeas attorney was pursuing investigation into the identity of this "Danny."  Additionally, there was an ongoing case investigation into discovering the whereabouts of various witnesses who were teenagers at the time the crime was committed.  This was a daunting task in that these witnesses had moved away from Porterville and their families were unwilling to divulge their whereabouts.  This investigation was further hampered due to the petitioner's parents' ability to provide adequate funds for a private investigator.  These teenage witnesses were important in that at least one of them was present when the actual shooters left in the car to go on their fatal cruise while the petition remained at home. . . .
> Additionally, petitioner's position in his state habeas petition as well as this federal petition is that he is actually innocent of the crimes committed, that is first-degree murder, attempted murder, etc., in that he was not in the shooter's car at that time but was home talking to various girl friends on his cordless phone. . . .
> Due to the ongoing investigation into the identity of "Danny" the actual co-perpetrator of these crimes, as attested by petitioner's co-defendant, Marcos Chavez, and the ongoing investigation into the whereabouts of various teenage witnesses, petitioner did not file his state habeas petition until the final day of the one-year federal statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, October 19, 2005.

(Motion, at 2-3.)

Unlike the petitioner in Rhines, Petitioner has presented a completely unexhausted petition, rather than a mixed petition.  In seeking a stay of the instant petition, Petitioner relies primarily on dicta in Pace v. DiGuglielmno, 125 S.Ct. 1807 (2005), discussing the predicament a prisoner could face if he litigated in the state court for years only to find out that the petition was not "properly filed" and therefore not entitled to tolling; the Court stated a "prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace, at 1813 (citing Rhines, at 1531.)   However, the Court in Pace went on to state that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.  Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory tactics," then the district court likely "should stay, rather than dismiss, the *mixed petition*") (emphasis added).

The protective stays referred to by the Court in Rhines involved a "mixed" petition, meaning that the petition included both exhausted and unexhausted claims. The Court discussed the merits of granting a stay to allow petitioner to return to state court to exhaust those claims that remained unexhausted rather than denying without prejudice a petition which included exhausted claims. Rhines v. Weber, 125 S.Ct. at 1531; Pace v. DiGuglielmo, 125 S.Ct. at 1813. The basis of that Court's ruling was premised on the fact that the petition was "mixed", not completely unexhausted.

Here, the Court is not presented with a "mixed" petition. Petitioner has not exhausted any of the claims now raised in this petition and they are all now pending in the state court. Unlike the situation when the Court is presented with a mixed petition having jurisdiction over the exhausted claims, the Court must dismiss without prejudice a petition that contains only unexhausted claims. 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. at 521-22. Therefore, it appears that this is not a situation covered by the "protective stay and abeyance" referenced in Rhines. The Court declines to extend the grant of a protective stay and abeyance to a case such as this where the petition contains only unexhausted claims, over which the Court has no jurisdiction. Accordingly, the Court recommends that the instant petition for writ of habeas corpus be DISMISSED, without prejudice to refiling after Petitioner has exhausted the state court remedies.

Although the Court expresses no opinion as to the timeliness of any future petition, the Court notes that AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 214-15, 122 S.Ct. 2134 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

Based on the foregoing, the Court hereby RECOMMENDS that:

1.  Petitioner's motion to stay be DENIED; and
2.  The instant petition for writ of habeas corpus be DISMISSED, without prejudice, for failure to exhaust the state court remedies.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations." Replies to the objections shall be served and filed within ten (10)
2  <u>court</u> days (plus three days if served by mail) after service of the objections. The Court
3  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
4  The parties are advised that failure to file objections within the specified time may waive
5  the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
6  1991).
7  IT IS SO ORDERED.
8  **Dated:   February 7, 2006**            /s/ Sandra M. Snyder
   icido3                               UNITED STATES MAGISTRATE JUDGE