UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO, | 1:05-cv-01316-AWI-SMS-HC |
| Petitioner, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 10) |
| v. | **ORDER DENYING MOTION TO STAY PETITION** (Docs. 6 & 7) |
| JEANNE WOODFORD, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondent. | **ORDER DIRECTING CLERK TO ENTER JUDGMENT** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On February 8, 2006, the Magistrate Judge filed Findings and Recommendations that Petitioner's motion to stay be DENIED, and the Petition for Writ of Habeas Corpus be DISMISSED, without prejudice, for failure to exhaust the state court remedies.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On March 14, 2006, and March 21, 2006, Petitioner filed objections to the Findings and

Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In his objections Petitioner argues, as he did before the Magistrate Judge, that the court should stay this action and hold the petition in abeyance pending exhaustion of Petitioner's claims in state court.  The United States Supreme Court recently held that district courts have authority to stay mixed petitions to allow for exhaustion.  <u>Rhines v. Webber</u>, 125 S.Ct. 1528, 1535 (2005).  However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." <u>Id</u>.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.... and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

<u>Rhines</u>, 125 S.Ct. at 1535.

Petitioner claims that he meets the requirements set forth in <u>Rhines</u> for staying a petition.  The problem for Petitioner is that the pending petition is not a mixed petition, i.e. one that

2

contains exhausted and unexhausted claims.  Rather, the petition contains **only** unexhausted claims.  Petitioner does not cite, and this court was unable to find, any court that has applied the Rhines' stay and abeyance procedure to a petition containing only unexhausted claims.  When discussing Rhines, the Ninth Circuit has stated that Rhines applies to stays of mixed petitions and Rhines allows the to stay mixed petitions rather than dismiss them.  See Lira v. Herrera,  427 F.3d 1164, 1173 n.10 (9th Cir. 2005); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).   Given the absence of authority for the proposition that the court may stay a petition containing only unexhausted claims and Rhines' and its progeny's use of the term "mixed petition", the court does not find that it has the power to stay and hold in abeyance a petition that is not a mixed petition but rather contains only unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendations, filed February 8, 2006, are ADOPTED IN FULL;

2.   Petitioner's motion to stay is DENIED;

3.   The Petition for Writ of Habeas Corpus is DISMISSED, without prejudice, for failure to exhaust the state court remedies; and,

4.   The Clerk of Court enter judgment and close this case.

IT IS SO ORDERED.

**Dated:   April 12, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                  UNITED STATES DISTRICT JUDGE

3